## JAMES McMILLAN v. TALTON TURPIN & WILLIS.

**Lands and Conveyances—Restitution—Parties to Suit—Pro Forma Defendant not Barred.**

In a suit by a plaintiff for specific performance and conveyance against the holder of the record title to land, the joining of a defendant pro forma who claimed an equity therein, does not bar him of a right to sue his co-defendant for a restitution, it being shown that the suit by plaintiff was for the absolute title to the land in controversy, the co-defendant being a mere holder in trust.

**Same.**

The co-operating with the plaintiff by such defendant for the purpose of settling who was entitled to the possession of the land, would not, by cross pleading or otherwise, be an assertion of a claim against the co-defendant for that equity which he would have no right to demand unless the plaintiff failed in enforcing the executory sale to him, and would not bar such equity, asserted in a separate suit.

APPEAL FROM MADISON CIRCUIT COURT.

June 5, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

In the case of McBane vs. Turpin &c. this court adjudged that McMillan had paid $275 of the consideration of $300 which Turpin bound himself to pay to Baxter for the 20 acres of land, which he bought for McMillan and the residual $25 having been since paid to Turpin for McMillan's benefit. Turpin has been reimbursed the whole $300. The land, therefore, which he sold to Willis for $500 cost him nothing, but was paid for by McMillan under a verbal assurance that the land was bought for him and would be conveyed to him. Consequently it is evident that, as by the fraudulent conduct of Turpin in selling the land to Willis, the consideration of the payment of the $300 by McMillan failed, he is entitled to restitution.

We cannot concur with the circuit court in the opinion that McMillan's right to restitution is barred by the fact that he was a defendant to the suit of McBane vs. Turpin & Willis *for the title,* and did not assert a claim to restitution in that suit. As vendor

27

to McBane he was a proper party, so far as title was involved, and was therefore made a party *pro forma*. The only litigation in that case was concerning McBane's right to a decree for the legal title, and McMillan expecting that, if McBane should succeed in procuring the legal title, he would pay him the $500 for which he had sold him his equity, and co-operating with McBane for that purpose only, did not, by cross pleading or otherwise, assert any claim against Turpin for what he would have no apparent right to demand, unless McBane failed in enforcing the executory sale to himself or should be required to pay Willis. Under these circumstances, McMillan's non-litigation of his contingent title to restitution which seemed to depend on Turpin's success in that case, should not bar his equity as now, for the first time, asserted and especially, as during the pendency of that case Willis, for Turpin, paid McMillan $235 which seems to have lurked him into false and delusive confidence.

In his amended petition McMillan alleged that the said sum of $235 was all that he had ever recovered. And that allegation was tacitly admitted. That payment left $65 of the $300 still due, with interest, from the time that McBane got the possession of the land. And to this extent we think that the appellant is entitled to relief.

Wherefore, the judgment dismissing his petition is reversed, and the cause remanded for such decree against Turpin as hereinbefore indicated.

(See opinion of McBane vs. Turpin, Vol. 1, Ky. Opinions, 142.)

*Turner, for appellant.*

*Burnam, for appellee.*